UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
                              :
THOMAS KELLY,                 :
            Petitioner,       :
                              :      08 Civ. 8241 (BSJ)(RLE)
      v.                      :      <u>Memorandum & Order</u>
                              :
SUPERINTENDENT LEMPKE,        :
Superintendent, Clinton       :
Correctional Facility         :
                              :
            Respondent.       :
------------------------------x

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

  Before the Court is the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Thomas Kelly ("Petitioner"), the Report and Recommendation ("R&R") of Magistrate Judge Ronald L. Ellis recommending the denial of the petition, and Petitioner's Objections to the R&R. For the reasons that follow, the Court overrules Petitioner's objections, adopts the conclusions in the R&R consistent with this Order, and DENIES the petition.

## PROCEDURAL BACKGROUND

  Petitioner delivered the instant petition to prison officials on August 12, 2008. On August 29, 2008, the Pro Se Office in this District received the petition and on May 4, 2009, the Government, on behalf of Superintendent Lempke ("Respondent"), filed an Opposition. On July 15, 2009, Petitioner filed a reply to Respondent's Opposition.

On December 12, 2008, the Court referred the petition to Judge Ellis and on April 7, 2011, Judge Ellis issued an R&R recommending that the petition be denied. On April 16, 2011, Petitioner requested an extension of time to file his Objections to the R&R and the Court granted an extension until May 25, 2011. Having received no objections from Petitioner by June 6, 2011, the Court confirmed and adopted the R&R in its entirety as thorough, well-reasoned, and not clearly erroneous. After that order was issued, however, the Court received Petitioner's Objections to the R&R ("Objections"), subsequently revealed to have been timely filed on May 24, 2011.[1]

On June 20, 2011, Petitioner filed a Motion to Vacate the Court's judgment. Nevertheless, Petitioner also filed a Notice of Appeal with the United States Court of Appeals for the Second Circuit on July 5, 2011. On July 11, 2011, the Court granted Petitioner's Motion to Vacate. On August 30, 2012, the U.S. Court of Appeals granted Petitioner leave to withdraw his appeal. The Court now reviews the R&R in concert with Petitioner's Objections.

---

[1] Because Petitioner was incarcerated at the time he filed his Objections, his submission is deemed filed at the time of delivery to prison authorities. See Houston v. Lack, 487 U.S. 266, 276 (1988).

2

DISCUSSION

I.  Legal Standard

A district court "may accept, reject, or modify in whole or in part" findings or recommendations issued by a magistrate judge. 28 U.S.C. § 636(b)(1). "Where no objections are filed, or where the objections are 'merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition,'" a report is reviewed for clear error. Brown v. Ebert, No. 05 Civ. 5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006)(quoting Gardine v. McGinnis, No. 04 Civ. 1819, 2006 WL 3775963, at *4 (S.D.N.Y. Dec. 20, 2006)). Portions of a report to which objections are filed are reviewed de novo. 28 U.S.C. § 636(b)(1); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997).

II.  Analysis

Petitioner contends that his incarceration violates the U.S. Constitution because (1) he received ineffective assistance of counsel;[2] (2) the evidence at trial was

---

[2] Petitioner also claimed that his incarceration violates the U.S. Constitution because improper expert witness testimony was introduced at trial. Because the facts forming the basis of this claim stem from action (or inaction) on the part of Petitioner's trial counsel, the Court considers this claim in conjunction with Petitioner's claim for ineffective assistance of counsel.

3

legally insufficient to justify his conviction;[3] (3) an unauthorized bayonet demonstration for the jury by a court officer violated his right to a fair trial and a trial by jury; and (4) the state trial court failed to produce a full record of its interactions with the jury.[4] (See Petition under § 2254 ¶ 13.)

Judge Ellis's R&R recommended that the petition be denied. With few exceptions, Petitioner's objections simply reiterate arguments considered and rejected by Judge Ellis. To the extent that the objections advanced by Petitioner state objections to conclusions in the R&R, the Court finds that they have no merit.

### A. Statutory Requirements

First, pursuant to 28 U.S.C. § 2244(d)(1), a petition for a writ of habeas corpus must be filed within one year of a conviction becoming final. The R&R correctly concluded that the instant petition is timely. (See R&R at 12-13.) Second, 28 U.S.C. § 2254(b) provides that a petitioner must

---

[3] Petitioner objects that his claim actually alleged that his conviction was "against the weight of the evidence." (Objections at 5.) However, Judge Ellis correctly observed that a federal habeas court cannot address "weight of the evidence" claims because such challenges do not implicate a federal right. Douglas v. Portuondo, 232 F.Supp.2d 106, 116 (S.D.N.Y. 2002). Construing the pro se pleadings to advance the strongest arguments they suggest, the Court likewise views this claim as challenging the sufficiency of the evidence. See McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999).

[4] The R&R sets forth in detail the factual and procedural background of this case prior to the instant petition.(See R&R at 2-11.) The Court presumes familiarity with the R&R and adopts its factual background and procedural history except where explicitly indicated.

4

exhaust constitutional claims in state court before seeking review by a federal tribunal. See Dorsey v. Kelly, 112 F.3d 50, 52 (2d Cir. 1997). Exhaustion must be both procedural and substantive. Procedural exhaustion means that a petitioner must have pursued all available avenues of state appellate review. See Bossett v. Walker, 41 F.3d 825, 828 (2d. Cir. 1994). Substantively, the petitioner's claims must have been predicated on federal law or raised in constitutional terms. See Jones v. Vacco, 126 F.3d 408, 413 (2d Cir. 1997).

Judge Ellis correctly determined that only Petitioner's claims regarding ineffective assistance of counsel and the jury demonstration were exhausted. (See R&R at 13-14.) Accordingly, Petitioner's claims regarding the sufficiency of evidence at trial and the state trial court's alleged failure to make a complete record of its interactions with the jury are not properly before this Court. However, pursuant to 28 U.S.C.A. § 2254(b)(2) the Court examines these claims as well.

### B. Petitioner's Claim Regarding the Unauthorized Jury Demonstration

Federal habeas review is not available for federal claims if the state court's decision rested on a state law ground independent of the federal issue that is adequate to

5

support the state court's judgment. See Coleman v. Thompson, 501 U.S. 722, 729 (1991); Fox Film Corp. v. Muller, 296 U.S. 207, 210 (1935). This prohibition applies to procedural state law grounds in the context of habeas petitions and "bar[s] federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." Coleman, 501 U.S. at 729-30; Ulster County Court v. Allen, 442 U.S. 140, 148 (1979).

Petitioner claims that the unauthorized bayonet demonstration violated his right to a fair trial and a trial by jury. The proper state procedure, however, was to object to the demonstration when the trial judge first notified the parties of its occurrence. N.Y. Crim. P. Law § 470.05(2) (McKinney 2012); Reyes v. Keane, 118 F.3d 136, 138 (2d Cir. 1997). The New York appellate courts that reviewed Petitioner's case found that he failed to properly preserve this issue for appeal. See People v. Kelly, 11 A.D.3d 133, 146 (N.Y. App. Div. 2004), aff'd, 832 N.E.2d 1179 (N.Y. 2005). It is settled law that the New York rule regarding preservation is generally considered an independent and adequate state ground. See Clark v. Perez, 510 F.3d 382, 390 (2d Cir. 2008); Garcia v. Lewis, 188 F.3d 71, 76-77, 79 (2d Cir. 1999); Kemp v. New York, No. 07-CIV-

6

6996, 2009 WL 306258 (S.D.N.Y. Feb. 9, 2009); Brown v. State of New York, No. 04-CIV-1087, 2006 WL 3085704 at *2 (E.D.N.Y. Oct. 30, 2006). Thus, absent an exception, federal habeas review of this claim is precluded.

An exception to the New York preservation rule applies when an error constituted a so-called "mode of proceedings" violation. See People v. Agramonte, 665 N.E.2d 164, 166 (N.Y. 1996). While Petitioner alleges that this exception is applicable here, the New York Court of Appeals disagreed.[5] People v. Kelly, 832 N.E.2d 1179, 1182 (N.Y. 2005). Judge Ellis concurred with the holding of the Court of Appeals and this Court can find no reason to dispute his conclusion. The "mode of proceedings" exception does not apply in this case and Petitioner's failure to comply with the New York preservation requirement constitutes an independent and adequate state ground that precludes federal habeas review of this claim.

Federal courts may, however, address the merits of a claim that was procedurally defaulted upon a showing of sufficient cause for the default as well as prejudice to

---

[5] Petitioner objects that this determination was flawed because the appellate court "did not adjudicate on all the facts concerning the jury room incident" because "the [trial] court did not hold the required Rammer [sic] hearing." (Objections at 11.) Assuming without deciding that Remmer v. United States, 377 U.S. 350 (1956), applies in this instance, such a hearing is not material to the state appellate court's legal determination of what constitutes a "mode of proceeding" violation under New York law.

7

the petitioner. <u>Wainwright v. Sykes</u>, 433 U.S. 72, 87 (1977); <u>Reyes</u>, 118 at 138. Petitioner has urged that cause for default existed because he was unaware of the true extent of the court officer's interaction with the jury and therefore a hearing pursuant to <u>Remmer v. United States</u>, 377 U.S. 350 (1956), was necessary to validate his acquiescence to the trial judge's curative instruction. (Objections at 8-9; 16-17.) This is incorrect. <u>See</u> <u>United States v. Gersh</u>, 328 F.2d 460, 464 (2d Cir. 1964) (declining to require a hearing in the face of possibly prejudicial conduct where the defense did not request one). "Once a preliminary showing of incompetence or juror misconduct has been made there is a corresponding right to an inquiry into the relevant surrounding circumstances." <u>Sullivan v. Fogg</u>, 613 F.2d 465, 467 (2d Cir. 1980). Petitioner was apprised of the unauthorized demonstration, consulted on the proper course of action, and perfectly capable of demanding an inquiry under <u>Remmer</u> to verify the court officer's account before agreeing to the trial judge's curative instruction. Petitioner failed to do so and instead simply agreed to the instruction.

A trial judge has wide discretion when it comes to possibly prejudicial occurrences during trial. <u>See, e.g.</u>, <u>United States v. Sun Myung Moon</u>, 718 F.2d 1210, 1235 (2d

Cir. 1983); People v. Genovese, 180 N.E.2d 419, 422 (N.Y. 1962). Petitioner's failure to request a hearing waived his right to demand further inquiry.[6]

Deference to an independent and adequate state ground is grounded in concerns of federalism and comity between state and federal courts. See Coleman, 501 U.S. at 730. Petitioner asserts that "failure to review this claim will result in a fundamental 'Miscarriage of Justice'." (Objections at 17.) The more likely result, however, will simply be to encourage respect for and adherence to state procedural rules. "Without th[is] rule. . . habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of th[e Supreme] Court's jurisdiction and a means to undermine [a] State's interest in enforcing its laws." Coleman, 501 U.S. at 730-31. In any event, the existence of an independent and adequate state ground deprives this Court of jurisdiction over the instant claim.

---

[6] The Court also notes that the trial judge did, in fact, hold an evidentiary hearing on this claim when Petitioner raised it in his first motion to vacate the judgment pursuant to N.Y. Crim. P. § 440.10. (See R&R at 8-9.) After that hearing the judge found that the court's curative instruction had been sufficient to remedy any violation and denied the motion to vacate. (Id.)

9

### C. Petitioner's Claim Alleging Ineffective Assistance of Counsel

In order to prove ineffective assistance of counsel, a petitioner must show that (1) "trial counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). Performance is evaluated with respect to reasonableness under the circumstances and prevailing professional norms. Id. at 688-89. Prejudice requires a showing that, "but for counsel's unprofessional errors," there is a "reasonable probability" that the "result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Petitioner claims ineffective assistance of counsel because his lawyer allegedly failed to (a) adequately prepare for trial; (b) strike improper expert opinion testimony; (c) retain a forensic expert; (d) object to and make a record of the unauthorized jury demonstration; and (e) file a motion to vacate the judgment based on the unauthorized jury demonstration. Judge Ellis concluded that Petitioner had failed to carry his burden under Strickland with respect to each of these claims. (See R&R at 19-21.)

Petitioner's objections to the findings in the R&R are largely confined to his insistence that a hearing is required to determine whether his trial counsel was ineffective.[7] (Objections at 18-19.) This is not the law. See United States v. Fleurimont, 401 F. App'x 580, 582-83 (2d Cir. 2010). To the limited extent that Petitioner's objections highlight specific issues, Petitioner has adduced no evidence that refutes the well-reasoned conclusions in the R&R concerning his allegations of ineffective assistance. Rather, the record indicates that the performance of trial counsel with respect to each of the challenged decisions was a reasonable strategic decision. Even assuming arguendo that Petitioner could show deficiency of performance, under the circumstances of this case Petitioner cannot demonstrate a reasonable probability that the result in this case would have been different. Thus, the Court concludes that Petitioner has failed to establish the required showing under Strickland and this claim must also be dismissed.

---

[7] Petitioner also insists that "the State Courts and the Magistrate" have consistently "misconstrued" his argument with respect to his counsel's alleged failure to strike improper expert opinion testimony. (Objections at 18-19.) Petitioner does not stand on firmer ground, however, by arguing that the medical examiner's testimony was improper under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), merely because it was not based on an eyewitness account.

11

**D. Unexhausted Claims**

As indicated above, Judge Ellis correctly determined that Petitioner's claims regarding insufficiency of evidence and the state trial court's alleged failure to make a complete record of its interactions with the jury were unexhausted. (See R&R at 13-14.) Pursuant to 28 U.S.C.A. § 2254(b)(2), however, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." The Court concludes that Petitioner's remaining claims must be dismissed under this provision.

**1. Legal Sufficiency of the Evidence at Trial**

The Due Process Clause of the Fourteenth Amendment mandates that every element of every crime charged must be proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 317-18 (1979). Evidence is legally insufficient to support a conviction if, viewing the evidence in the light most favorable to the government, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id. at 319. Judge Ellis correctly concluded that ample evidence was adduced at trial to support Petitioner's conviction. (See R&R at 22.) Petitioner failed to raise any substantive objections on

12

this point and the Court therefore accepts the findings as stated in the R&R.[8]

## 2. Failure to Make a Complete Record

A criminal defendant has a right to notice of a jury's inquiry during deliberations as well as an opportunity to object to any response contemplated by the court. See Rogers v. United States, 422 U.S. 35, 39 (1975). Judge Ellis correctly found that the state trial court's handling of the unauthorized demonstration did not violate these rights. (See R&R at 26.) Petitioner failed to raise any substantive objections to this conclusion as well and the Court accepts the findings as stated in the R&R.

## CONCLUSION

For the forgoing reasons, the Court overrules Petitioner's Objections with respect to the claims considered above. In all other respects consistent with this Order, the Court adopts the R&R as thorough, well-reasoned, and not clearly erroneous. Accordingly, the petition for a writ of habeas corpus is DENIED and Petitioner's claims are dismissed with prejudice.

---

[8] Petitioner in fact insists that he did not raise this argument. (Objections at 20.) Instead, Petitioner continued to press his claim in this vein under a "weight of the evidence" theory. As explained above, however, a federal court lacks authority to review "weight of the evidence" claims.

13

As Petitioner has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253; Soto v. United States, 185 F.3d 48, 51 (2d Cir. 1999). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be undertaken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to close this case.

**SO ORDERED:**

*[signature]*

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         November 7, 2012

14